# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KENNETH F. KLEIN III,

      Plaintiff,

v.                                          Case No. 1:25-cv-01037-LF

ALBUQUERQUE POLICE DEPARTMENT and
NICHOLAS ACREE,

      Defendants.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 20, 2025 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 20, 2025 ("Application").

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed in forma pauperis] was

intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $3,830.31; (ii) Plaintiff's monthly expenses total $1,565.00; (iii) Plaintiff has no cash and $1505.00 in bank accounts; and (iv) Plaintiff's mother relies on Plaintiff for support.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and his mother relies on him for support.

## ORDER TO SHOW CAUSE

Plaintiff asserts claims for wrongful arrest, due process violation, false allegations in a police report and excessive force arising from Plaintiff's arrest by Defendant Albuquerque Police Officer Acree in March 2022.  *See* Complaint at 3-5.  Plaintiff also asserts claims against the Albuquerque Police Department ("APD") alleging that APD failed to adequately train its officers and that APD's policies and practices were the moving force behind the constitutional violations. *See* Complaint at 5.

The Court has identified the following deficiencies in the Complaint and orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims.  *See Lowrey v. Sandoval Cnty. Child. Youth & Families Dep't,* No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023)

("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause.") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

First, it appears Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations. "[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims." *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014); N.M. Stat. Ann. § 37-1-8 ("Actions must be brought . . . for an injury to the person or reputation of any person, within three years"). The events giving rise to Plaintiff's case occurred in March 2022 which is more than three years before Plaintiff filed this case.

Second, it appears the claims against Albuquerque Police Department should be dismissed. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed. App'x 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity). Furthermore, conclusory allegations that policies and customs were the moving force behind the constitutional violations, without supporting factual allegations, are not sufficient to state a plausible claim. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. Conclusory allegations are not entitled to the assumption of truth. In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim.") (citations omitted).

If Plaintiff asserts the Court should not dismiss Plaintiff's claims, Plaintiff must file an amended complaint. The amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

## SERVICE ON DEFENDANTS

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

## CASE MANAGEMENT

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

4

the action"); *Gustafson v. Luke*, 696 Fed. App'x 352, 354 (10th Cir. 2017) ("Although the

language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long

been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute

or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d

1199, 1204 n.3 (10th Cir. 2003)).

### Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of

Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of

the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written
> motion, or other paper--whether by signing, filing, submitting, or later advocating
> it--an attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable under the
> circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law
> or by a nonfrivolous argument for extending, modifying, or reversing existing law
> or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so
> identified, will likely have evidentiary support after a reasonable opportunity for
> further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if
> specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff

to sanctions, including monetary penalties and nonmonetary directives. *See* FED. R. CIV. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

Costs (Doc. 2) filed October 20, 2025, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court

should not dismiss this case; and (b) file an amended complaint.  Failure to timely

show cause and file an amended complaint may result in dismissal of this case.


_____
Laura Fashing
United States Magistrate Judge