IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH F. KLEIN, III,

    Plaintiff,

v.                                                  No. 1:25-cv-01037-MIS-LF

CITY OF ALBUQUERQUE and
NICHOLAS ACREE,

    Defendants.

## ORDER OF DISMISSAL

On October 20, 2025, *pro se* Plaintiff Kenneth F. Klein, III, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint") asserting claims for wrongful arrest, a due process violation, false allegations in a police report, and excessive force arising from Plaintiff's arrest by Defendant Albuquerque Police Officer Nicholas Acree in March 2022. *See* ECF No. 1 at 3-5. Plaintiff also asserted claims against the Albuquerque Police Department ("APD") alleging that APD failed to adequately train its officers and that APD's policies and practices were the moving force behind the constitutional violations. *See id.* at 5.

On October 22, 2025, United States Magistrate Judge Laura Fashing issued an Order to Show Cause notifying Plaintiff that it appears Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations. *See* ECF No. 5 at 3 ("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims") (quoting *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See id.* at 6.

On November 14, 2025, Plaintiff filed an Amended Complaint asserting that the statute of limitations should be equitably tolled. See ECF No. 6 at 4.

> Equitable tolling is a non-statutory tolling principle that provides relief in cases when exceptional circumstances beyond the plaintiff's control preclude filing suit within the statute of limitations. See *Snow v. Warren Power & Mach., Inc.*, 2015–NMSC–026, ¶ 24, 354 P.3d 1285. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Slusser*, 2013–NMCA–073, ¶ 16, 306 P.3d 524 (internal quotation marks and citation omitted). Exceptional circumstances require that a plaintiff demonstrate "an extraordinary event beyond his or her control." *Ocana v. Am. Furniture Co.*, 2004–NMSC–018, ¶ 15, 135 N.M. 539, 91 P.3d 58. The doctrine does not "assume a wrongful—or any—effort by the defendant to prevent the plaintiff from suing." *Slusser*, 2013–NMCA–073, ¶ 14, 306 P.3d 524 (internal quotation marks and citation omitted). Where a plaintiff fails to produce sufficient facts showing that either element has been met, equitable tolling should not be applied. *Id*. ¶ 17.

*Little v. Baigas*, 390 P.3d 201, 207 (N.M. Ct. App. 2016).

> Plaintiff asserts:
>
> Plaintiff was in reasonable fear for his personal safety and faced a credible risk of retaliation from the APD and Officer Acree, should he file or pursue this lawsuit. . . Plaintiff acted diligently and filed this Complaint promptly once he believed he could do so safely as soon as the statute of limitations tolled on the false felony allegations as the charges w[]ere dismissed without prejudice and had the ability to be refiled by the district attorney[']s office. . . Furthermore plaintiff had requested these documents during the legal proceedings but was never gained [sic] access to them and therefore plaintiff was unaware that his constitu[]tional and civil rights w[]ere violated. . . Plaintiff further asserts that factors such as Plaintiff's insufficient legal knowledge, reliance on legal text, and absence of notice should not bar relief where Defendants' affirmative concealment or misrepresentations prevented timely filing.

Am. Compl. at 4. Plaintiff's reference to "these documents" apparently refers to the police report of his arrest which Plaintiff alleges was false and omitted information. *See id.* at 3.

Plaintiff has failed to produce sufficient facts showing that equitable tolling should be applied. Plaintiff has not provided any facts showing that there was a credible risk to his personal safety. Plaintiff did not pursue his rights diligently. Plaintiff waited until the statute of limitations

ran on his criminal charges, which were dismissed without prejudice, apparently concerned that filing a lawsuit may cause the criminal charges to be refiled.  The fact that the criminal charges were dismissed without prejudice and could be refiled was not an extraordinary event beyond Plaintiff's control that prevented him from filing this lawsuit.  Plaintiff does not explain how "these documents" that he requested but never received prevented him from becoming aware that his civil rights were violated during his alleged wrongful arrest and Defendant Acree's alleged use of excessive force.  Plaintiff also does not identify when he requested "these documents," does not describe his efforts to obtain the documents, and does not describe Defendants' "affirmative concealment or misrepresentations" which prevented Plaintiff from timely filing his Complaint.

    **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

                                              */s/ Margaret Strickland*

                                           **MARGARET STRICKLAND**
                                           UNITED STATES DISTRICT JUDGE